IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00674-RBJ

CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., an Indiana nonprofit corporation, as successor by merger to CollegeAmerica Denver, Inc., a Colorado corporation,

    Plaintiff,

v.

GRAYDON H. BRITTAN as Ancillary Trustee of the Trust Created Under the Will of Henry Traub Dated July 9, 1974; and
CITY NATIONAL BANK as Co-Trustee of the Trust Created Under the Will of Henry Traub Dated July 9, 1974,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Defendants' Opposed Rule 56 Motion for Summary Judgment [ECF No. 51] filed on January 15, 2015. The plaintiff filed a timely response on February 10, 2015 [ECF No. 54] followed by the defendants' timely reply on February 24, 2015 [ECF No. 55].[1] The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332. For the following reasons the motion is denied.

This case arises from a dispute over the rent obligations contained in a commercial lease. The plaintiff claims it significantly overpaid rent over a ten year span because of the defendants' misrepresentations about the building's rentable square footage. The plaintiff brings four claims in the alternative: negligent misrepresentation, fraud, unjust enrichment, and reformation. The

---

[1] The reply brief exceeds the Court's five-page limit without leave of the Court. The last five pages appear to be the most important ones, so I concentrated on those. The Court also disregards the declarations of counsel, though the Court has reviewed the deposition testimony cited therein.

defendants respond that the undisputed facts entitle it to judgment on the merits or, in the alternative, bar the plaintiff's claims based on the applicable statutes of limitations.  The Court disagrees.

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'"  *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).  When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ."  *Id.*  The Court does not weigh the evidence or make credibility determinations.  *Id.*  The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The nonmoving party must "designate specific facts showing that there is a genuine issue for trial."  *Id.* at 324.  In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "Where different ultimate inferences may be drawn from the evidence presented by the parties, the case is not one for summary judgment."  *Brown v. Parker-Hannifin Corp.*, 746 F.2d 1407, 1411 (10th Cir. 1984).

The defendants make a number of assertions in support of their motion, all of which are genuinely disputed by material facts on the record.  First, the defendants contend that the rent due under the lease was never based off of the rentable square footage of the building.  Yet the defendants' own attachments show that the opposite inference could be drawn.  For example, nearly all of the documents prepared by the parties during the negotiation of the original lease

propose basing the rent on the rentable square feet. Even defendant Graydon Brittan believed that the rent reflected a calculation of price per rentable square foot. Brittan Depo. [ECF No. 54-12] at 44:5–12. Just because the lease itself lists a dollar amount instead of a formula does not mean that rentable square footage was not considered when determining that amount. A reasonable juror could certainly infer that the rent reflected a calculation taking into account the size of the building.

Next, the defendants insist that they never represented that the structure had 20,781 square feet of rentable space, only that it could be enlarged to such a size if the plaintiff chose to expand the building (i.e., to add to the building footprint). The plaintiff's evidence contradicts this contention. In an email exchange between the defendants' architect Larry Whittaker and an agent of the plaintiff, Mr. Whittaker states that the 20,781 figure constitutes the rentable square footage of the building, and that it "will not change unless additional area is added to the building footprint." [ECF No. 54-4 at 2]. This email is dated June 13, 2002, almost a year before the lease was signed on April 30, 2003.

Third, the defendants contend that the plaintiff knew that the building was only 19,500 square feet as of June 11, 2003. This date postdates the signing of the lease by over a month. It therefore cannot go to show the plaintiff's knowledge at the time of entering into the lease. In the alternative, the defendants argue that the plaintiff could not have justifiably relied on the 20,781 square foot figure presented during the leasing negotiations because the plaintiff had an opportunity independently to determine the size of the structure. However, whether the plaintiff could reasonably rely on the landlord's measurement of its own building is for the jury to decide.

Finally, the defendants insist that the plaintiff's claims are barred by the statute of limitations because the plaintiff knew or should have known of the discrepancy between the

purported and actual rentable square footage by June 2003 or, at the latest, August 2009, more than three years before filing the present action.  The defendants base their position on several documents prepared by the plaintiff's architect that either discuss discrepancies or list the structure's size at about 19,500 square feet.  However, the plaintiff denies ever becoming aware of the discrepancy through these documents.  According to its designated representative Carl Barney, the plaintiff first became aware that there was a potential discrepancy in 2012, not earlier.  Barney Depo. [ECF No. 51-12] at 15:7–25; 18:20–25; 19:1–3.  And the Court cannot say that the plaintiff *should* have known of the discrepancy without more information, including who if anyone from the plaintiff received and reviewed the documents in question.  This dispute, like the others, must be resolved by the factfinder.

Accordingly, it is ORDERED that Defendants' Opposed Rule 56 Motion for Summary Judgment [ECF No. 51] is DENIED.

DATED this 26th day of February, 2015.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge